[No. 26992. *En Banc.* December 12, 1938.]

CARL CLUBB, *Appellant,* v. SENTINEL LIFE INSURANCE COMPANY, *Respondent.*[1]

*Charles T. Peterson* and *Thomas MacMahon,* for appellant.

*George F. Hannan,* for respondent.

*Hare, Turner & Maurier, amicus curiae.*

HOLCOMB, J.—This appeal is from a judgment of dismissal entered upon respondent's motion for judgment on the pleadings.

[1]Reported in 85 P. (2d) 258.

The complaint alleges that respondent, Sentinel Life Insurance Company, for a valuable consideration, issued to appellant a life, accident, and health insurance policy, wherein it agreed, that if, during the continuance of the policy, appellant should sustain any accidental bodily injury which should, within ninety days of the date of such accident, wholly and continuously disable him from performing the duties pertaining to his occupation, for a period of one day or more, it would pay him weekly the sum of twenty-five dollars so long as he should live and suffer such total disability; that, during the continuance of the policy, on November 16, 1932, appellant was accidentally struck by an automobile and sustained injuries which have totally disabled him from following any gainful occupation since that time; that, shortly prior to the accident, appellant had resigned his position of inspector and had not been gainfully employed during the interim; that appellant and respondent mutually agreed, in writing, that the weekly indemnity payable under the policy should be reduced to twenty dollars a week; and that respondent has paid appellant the sum adjudged to be due him down to and including June 19, 1934, but has refused to pay appellant the sums due him since that date.

Appellant prayed for judgment against respondent for the sum of twenty dollars per week from June 19, 1934, to the date of the trial.

Respondent, as an affirmative defense, pleads that the insurer and the insured mutually agreed, pursuant to an endorsement, to modify the terms of the original policy so that the weekly accident benefits were reduced from twenty-five dollars to twenty dollars per week; that the identical policy and endorsement were involved in cause No. 25464, *Clubb v. Sentinel Life Ins. Co.*, 181 Wash. 284, 42 P. (2d) 792, and hence is

*res adjudicata* of this case. In his reply, appellant denied that the issues raised by the complaint were concluded by the former decision. The trial court sustained respondent's motion for judgment on the pleadings, and entered judgment dismissing the action with prejudice.

 It is contended on this appeal that an inadvertent error was made in the former opinion in this case, *Clubb v. Sentinel Life Ins. Co., supra.* Assuming that there was such error, the amount due the insured has been adjudicated and determined by that opinion, and that decision is *res adjudicata* with reference to the issues presented in the instant case.

To render a judgment *res adjudicata* in a subsequent action there must be a concurrence of identity in four respects: (1) of subject matter; (2) of cause of action; (3) of persons and parties; and (4) in the quality of the persons for or against whom the claim is made. *Northern Pac. R. Co. v. Snohomish County,* 101 Wash. 686, 172 Pac. 878; *Large v. Shively,* 194 Wash. 608, 82 P. (2d) 793.

An examination and comparison of the records in that cause and the instant proceeding convince us that the four essential requisites of *res adjudicata* are present here, and that the decision in that cause is *res adjudicata* in respect to the present case.

The judgment is therefore affirmed.

ALL CONCUR.